THE PEOPLE EX REL. ATTORNEY-GENERAL V. THE CITY BANK OF LEADVILLE.

Where a banking corporation, under the statute, fails within the period of one year from its organization to pay up its entire capital stock in cash, its charter is liable to forfeiture.

*In the Supreme Court.*

INFORMATION in the nature of a *quo warranto*.

Attorney-General D. F. URMY and Mr. L. S. DIXON, for the people.

Mr. L. P. MARSH, for respondent.

STONE, J. In his information herein, the relator, the attorney-general of the state, represents that the respondent, The City Bank of Leadville, was incorporated on the 9th day of June, 1882, and organized as a banking corporation under and in pursuance of the provisions relating thereto, contained in the act of the general assembly of Colorado, entitled "An act to provide for the formation of corporations," approved March 14, 1877, and thereby became a body corporate by the name aforesaid, with a capital stock of $100,000, fifty per cent. of which was, upon such organization, paid into its treasury in cash, and a certificate to that effect, under the

oaths of the president and cashier thereof, filed in the proper offices of the state, and of the county of Lake, and that from that time, until the filing of this information, has continued to transact the business of such banking corporation; that by the terms of the statute aforesaid, the respondent corporation was forbidden to continue the transaction of its business beyond the period of one year from and after the date of its creation and organization, unless its entire capital stock was fully paid up in cash; that the residue of said capital stock, to wit, the sum of $50,000, was not so fully paid up at the expiration of one year as aforesaid, to wit, on the 9th day of June, 1883, nor has the same since been so paid up, but that, on the contrary, the sum of $36,000 of said capital stock had been issued prior to the said last mentioned date, and not paid for in cash, and that no payment thereof has since been made, as by law required. The said relator, therefore, avers that the charter and franchise of the said respondent bank have become forfeit, and that for the space of more than seven months last past said respondent has exercised, and still continues to exercise, the privileges and franchises of a banking corporation without warrant of law, and therefore has usurped, and still usurps, the same.

Wherefore, the relator prays the process of this court that the respondent answer to the people of the state why its said franchise and charter should not be adjudged forfeit, and the respondent ousted of the same.

The answer of the respondent, filed herein, denies that the said bank has, for and during the period alleged in the information, used or usurped the privileges and franchises of a banking corporation without warrant of law, for that, on the contrary, during said period, the acts and doings of said bank have been exercised for the sole purpose of closing up the affairs of said bank, and surrendering its charter.

After setting out a statement of the affairs and financial

condition of the bank, together with some of the causes leading to the suspension of its business as a bank, the answer avers that, on the 16th of January last past, for the purpose of lessening the expenses of winding up and settling the affairs of the bank, and being duly authorized thereto, the said bank, by its duly authorized officers, executed and delivered to D. H. Dougan a deed of assignment of all its property and assets in trust, conditioned that the said Dougan should proceed at once to reduce the said assets and property to money, and apply the same to the payment of the debts of the bank; that the said Dougan duly accepted such assignment and trust, and took possession of the said property and assets, and holds the same for the purpose of said trust, and that "thereupon, then and there, said bank closed its doors, and thence hitherto the same have remained closed."

The answer concludes by praying for such judgment and decree of this court as will protect the interests of said bank and the stockholders thereof, and the interests of such as are prosecuting any suits now pending, or hereafter to be brought against said respondent bank.

The answer, in effect, confesses the substantial charge alleged against it in the information, to wit, that its charter and franchise have become liable, and subject to be declared forfeit and surrendered to the state. Upon the pleadings, therefore, it only remains for this court to pronounce a judgment in accordance with the prayer of the relator, and properly conditioned with respect to the rights of parties in interest, as prayed by respondent, and as provided by law. The statute concerning the dissolution of corporations, General Laws, §§ 307, 308 and 309, makes ample provisions, in cases of such dissolution, for the mode and manner of settling up the affairs of the dissolved corporation, in view of the rights of parties in interest, and for the protection of such rights.

Neither the relator nor the respondent has asked for any specific judgment or decree, aside from that touch-

ing the forfeiture of the charter and franchise of the corporation. The judgment of the court, therefore, is that the charter and franchise of the said respondent, The City Bank of Leadville, heretofore doing business as a banking corporation, at the city of Leadville in the county of Lake and state of Colorado, be adjudged and held forfeit, and that the said corporation be denied and prohibited the further possession, use and exercise of any and all the rights, powers and privileges of the charter and franchises aforesaid, and that the said corporation be dissolved; and inasmuch as it appears from the answer of respondent herein that the property, assets and affairs of the said corporation are already in the possession and control of a trustee, duly appointed and authorized to settle up the business concerns of the said corporation, and for that no other or different person has been prayed to be, by the court, appointed as trustee or officer for such purpose, the said trustee already appointed, as aforesaid, is at liberty to proceed in the proper discharge of his duties in the premises, in the settlement of the business and winding up the affairs of said respondent corporation, in accordance with law and the statutes in such case applicable; and provided further, that the prosecution or defense of actions heretofore brought by or against the said bank, and pending at the time of the filing of this information, shall in no way be affected by this judgment or decree, but such cases may be prosecuted or defended in the name of the said banking corporation, by the said trustee or assignee appointed and authorized as aforesaid.